# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**TYWAN MONTA BEAUMONT**                                                PETITIONER

v.                                                CIVIL ACTION NO. 3:13CV-P1158-H

**DON BOTTOM**                                                          RESPONDENT

## MEMORANDUM OPINION

The petitioner, Tywan Monta Beaumont, filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Beaumont to show cause why his petition should not be dismissed as barred by the applicable statute of limitations. Beaumont did not file a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Based on the petition and exhibits, Beaumont was convicted in Jefferson Circuit Court by a jury of complicity to murder, complicity to robbery in the first degree, complicity to assault in the second degree, and complicity to tampering with physical evidence. He was sentenced to fifty years imprisonment. He appealed his conviction to the Kentucky Supreme Court. On October 1, 2009, that court reversed his conviction for tampering with physical evidence and affirmed it on the other counts. Beaumont filed a motion to vacate the judgment under Kentucky Rule of Criminal Procedure (RCr) 11.42 on September 29, 2010. The motion was denied on October 6, 2011. He appealed the denial of his RCr 11.42 motion, and the Kentucky Court of

Appeals affirmed the denial on November 9, 2012. Beaumont field the instant § 2254 petition on November 25, 2013.[1]

## II. ANALYSIS

Because Beaumont's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Under the mailbox rule, the petition is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). However, Beaumont did not sign the petition. Therefore, the petition does not reveal the date he presented it for mailing, and the Court must consider the petition filed on the date it was actually filed in this Court. Beaumont has since re-filed the signed signature page in response to the Court's prior Order.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Beaumont's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on December 30, 2009, ninety days after entry of the Kentucky Supreme Court opinion on October 1, 2009, on the last date a petition for writ of certiorari could have been filed in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) ("As a result, direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts and to this Court has been exhausted.") (citations and internal quotation marks omitted); *Hill v. Dailey*, 557 F.3d 437, 437-38 (6th Cir. 2009) (acknowledging the 90-day window). Thus, Beaumont had until December 30, 2010, to file a petition for writ of habeas corpus.

However, Beaumont filed an RCr 11.42 motion on September 29, 2010, which tolled the statute of limitations. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Beaumont's RCr 11.42 motion was denied, and his appeal concluded on November 9, 2012. While the statute of limitations was tolled during the pendency of his RCr 11.42 motion, he had 92 days remaining until the statute of limitations expired under § 2244 to file this action. However, Beaumont did not file the instant action until November 25, 2013, more than a year after the conclusion of the appeal of his RCr 11.42 motion. Therefore, the instant action is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1) and (2).

The statute of limitations under § 2244(d)(1) is not jurisdictional, however, and it is subject to equitable tolling. *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009). The Sixth Circuit cautions that equitable tolling relief should be granted sparingly. *Id*. at 588. Beaumont bears the burden of demonstrating that he is entitled to equitable tolling. *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008). A petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Absent such a showing "a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quotation omitted).

Beaumont failed to respond to the Court's Show Cause Order or to otherwise meet his burden in establishing that he satisfies the elements required for equitable tolling. Therefore, equitable tolling is not appropriate in this case.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Beaumont appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

4

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc: Petitioner, *pro se*
4412.010